UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT MICHAEL FERRARO,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:15-cv-01381-RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

THIS MATTER is before the Court on Plaintiff Ferraro's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. *See* Dkt. 21. The Commissioner argues that the motion should be denied because her position was substantially justified. *See* Dkt. 22. The Court disagrees and GRANTS Ferraro's motion for statutory fees.

**PROCEDURAL HISTORY**

On May 3, 2016, this Court issued an order adopting the report and recommendations of Judge Mary Alice Theiler and reversing and remanding the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 19. The report and recommendations found that (1) the ALJ erred in her evaluation of the medical evidence, specifically the opinions of Christmas Covell, Ph.D., and Wayne Dees, Psy.D, and (2) the

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 1

errors were harmful because the resulting residual functional capacity and step-five finding were not supported by substantial evidence and must be reconsidered on remand. *See* Dkt. 18, pp. 7-10, 16. The Court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings due to the harmful errors. *See* Dkt. 19.

**DISCUSSION**

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). When determining the issue of substantial justification, the court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014).

Ferraro was the prevailing party because the Court reversed and remanded the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 19. The ALJ's failure to properly evaluate the medical evidence led to the remand. *See* Dkt. 18, pp. 7-10, 16.

I. **Substantial Justification**

The Commissioner argues that her position in the litigation and in the action on which the litigation was based was substantially justified. *See* Dkt. 22. The Commissioner has the burden of proving that her position was substantially justified. *See Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). In addition, a "substantially justified position must have a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citations omitted). The fact that the Commissioner did not prevail on the merits does not compel the conclusion that her position was not substantially justified. *See Kali v. Bowen*, 854

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 2

F.2d 329, 334 (9th Cir. 1988) (citing *Oregon Envtl. Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987)). However, a determination by the Court that the administrative decision was not supported by substantial evidence is a "strong indication" that the Commissioner's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Only in the "decidedly unusual case" will the Commissioner's position be found to have substantial justification under the EAJA even though the administrative decision was reversed for lacking substantial evidence in the record. *See Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002).

Here, the Commissioner argues that the Court identified no errors as harmful. *See* Dkt. 22, p. 2. The Commissioner cherry-picks language from the report and recommendations regarding the opinions of Dr. Covell and Dr. Dees to imply that the ALJ sufficiently evaluated the medical evidence. *See id.*, pp. 2-3. However, if the Court found no harmless error, it would have affirmed the Commissioner's decision. Instead, the Court found that the ALJ's failure to acknowledge Dr. Covell's opinion raised questions as to the "sufficiency of the ALJ's review of the record and her reasoning" and that further consideration of Dr. Dees' opinion was warranted because the ALJ erred in three reasons for rejecting his opinion. *See* Dkt. 18, pp. 7-10. As a result of the errors and the ALJ's "minimal discussion of the medical evidence" in the case, the Court found that Ferraro's credibility and the step-five finding should be reconsidered on remand. *See id.*, pp. 13-16.

Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Having found that the ALJ's evaluation of the medical evidence and resulting step-five finding could not be upheld under the substantial evidence standard, the Court now finds no reason that this is the rare case in which the Commissioner's position was otherwise substantially justified. The

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 3

Court also concludes that there are no special circumstances that render an EAJA award in this matter unjust. Accordingly, the Court will award Ferraro attorney's fees under the EAJA.

## II.     Amount of the Fees

The Commissioner does not dispute the requested amount of EAJA fees. *See* Dkt. 22. The Court finds reasonable the request for fees in the amount of $7,476.72 and expenses in the amount of $20.88.

## CONCLUSION

Ferraro is awarded $7,476.72 in attorney's fees and $20.88 in expenses pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

Ferraro's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. The check for EAJA fees shall be mailed to Ferraro's counsel: Charles W. Talbot, Esq., at Talbot and Associates, P.S., 5005 Center Street, Suite E, Tacoma, Washington 98409.

DATED this 13th day of September, 2016.

Ronald B. Leighton
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 4